UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MARK GRIFFIN     *     CIVIL ACTION NO. 13-0310

VERSUS     *     JUDGE DONALD E. WALTER

LT. ROBERT SIMS, ET AL.     *     MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery [doc. # 21], and associated request for reasonable expenses and fees, filed by plaintiff Mark Griffin.[1]  For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.

## Background

On February 8, 2013, Mark Griffin filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against Larry Cox, Sheriff of Madison Parish, Louisiana; Lt. Robert Sims, Madison Parish Sheriff's Deputy and corrections officer at the Madison Parish Detention Center ("MPDC"); and Officer Wendell Hughes, Madison Parish Sheriff's Deputy and corrections officer at the MPDC.  Griffin alleges that on May 12, 2012, while an inmate at the MPDC, he was beaten by defendant, Lt. Sims and another MPDC sheriff's deputy while defendant, Hughes, stood nearby and permitted the attack to occur.  (Compl., ¶ 8).  As a result of the attack, Griffin sustained blurred/impaired vision, permanent scarring, mental anguish, and emotional disability.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Id., ¶ 11). Consequently, Griffin seeks compensatory and punitive damages, costs, and attorney's fees. *Id.*, Prayer.

On October 31, 2013, plaintiff served defendants with his First Set of Interrogatories and Request for Production of Documents. (M/Compel, Exh. P1). On December 12, 2013, defendants responded to the discovery requests. (M/Compel, ¶ 2). Dissatisfied with some of the responses (specifically, Interrogatory Nos. 3, 4, & 6 and Requests for Production Nos. 2-5 & 7-9), plaintiff's counsel contacted defense counsel in early June 2014 in an unsuccessful effort to bridge the discovery impasse. The instant motion to compel followed on June 13, 2014. Defendants filed their opposition on June 23, 2014. Plaintiff did not file a reply, and the time to do so has lapsed. Accordingly, the matter is ripe.

## Law

Rule 33 provides that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a). Likewise, Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1).[2]

---

[2] Under Rule 26(b),
> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1).

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id*. A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

A party seeking discovery may move for an order compelling production against another party when the latter has failed to answer an interrogatory or produce documents for inspection. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to

---

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

respond. Fed.R.Civ.P. 37(a)(4).

## Analysis

The court will address the challenged discovery responses, in turn.

a) <u>Interrogatories</u>

| Interr. No. 3: | Does the Madison Parish Detention Center have surveillance cameras which record and monitor the movements and activities of inmates at the Detention Center? |
|---|---|
| Response: | Defendants submit that, at the time of the incident alleged herein, the Detention Center did have surveillance cameras at the Detention Center. However, defendants submit that no such recordings survive[] to date, as footage from that time was likely recorded over or lost when the Detention Center upgraded its surveillance technology. |

**Resolution:** Plaintiff contends that defendants' response is "grossly inadequate" and "totally lacking in all respect." To the contrary, defendants answered the interrogatory, in full.

| Interr. No. 4: | Give the name, address and telephone number of the officer in charge of surveillance on the date in time of Mark Griffin's beating. |
|---|---|
| Response: | Defendants submit the officers on duty on any date in question are responsible for surveillance on their respective shifts. See attached log sheet. |

**Resolution:** Defendants maintain that they provided plaintiff with the names of all of the officers on duty, together with their incident reports. The court observes, however, that plaintiff also requested the officers' addresses and telephone numbers. Defendants did not object to the disclosure of this information. Thus, insofar as they have not produced the officers' addresses and telephone numbers, defendants shall supplement their response to include this information within the next 14 days from the date of this order.

| | |
|---|---|
| **Interr. No. 6:** | For any period following the beating of Mark Griffin, please state whether or not any inmates has or have filed any complaint, whether formal or informal, against any of the Sheriff's deputies at the Madison Parish Detention Center alleging physical abuse and/or a beating.  If so, please state:<br>    a.    The names of the inmates;<br>    b.    The names of the sheriff's deputies complained of;<br>    c.    Detailed allegation made against the sheriff's deputies;<br>    d.    Whether any of the inmates filed a lawsuit against the Madison Parish Detention Center and the disposition thereof;<br>    e.    Whether or not criminal charges were filed against the deputies involved. |
| **Response:** | Defendants object to this request on the grounds that this request is overly burdensome, irrelevant and seeks information that is not reasonably thought to lead to discoverable material.  Defendants also submit that such records are public records and as such, the plaintiff has equal access to such records as defendants. |

**Resolution:**     The court finds that the requested information is relevant to plaintiff's claims that Sheriff Cox had a policy and/or custom to inadequately investigate complaints of officer misconduct that resulted in a climate that permitted or supported officer misconduct.  *See* Compl. Defendants further contend that it would be overly burdensome to respond to the interrogatory. However, if defendants do not have a separate repository apart from each inmate's individual file to track complaints of physical abuse and/or beatings made against individual officers, then that policy, in and of itself, may support plaintiff's claim.  In any event, if, as defendants contend, the sole source of this information is each inmate's prison file, and it is too burdensome for them to cull the requested information therefrom, then defendants may query the MPDC inmate population via questionnaire to obtain the necessary information.  In addition, or alternatively, defendants may obtain written consent from the inmates to allow plaintiff's counsel to review

their inmate files. Regardless, defendants' objections are overruled, and they shall respond, as provided herein, within the next 28 days from the date of this order.

b) <u>Requests for Production</u>

| **Prod. Req. No. 2:** | Please provide a certified copy of any policies of insurance which provide coverage for the incident and liability alleged in this case. |
|---|---|
| **Response:** | Defendants submit that the Sheriff is self-insured. The search for excess policies is being conducted. |

**Resolution:** In their opposition memorandum, defendants further represented that they had located the requested information and provided it to plaintiff's counsel. Thus, the instant request is moot.

| **Prod. Req. No. 3:** | Please provide a certified copy of the entire personnel files of Lt. Robert Sims and Deputy Wendell Hughes. |
|---|---|
| **Response:** | Defendants object to this request as irrelevant and seeking information not reasonably calculated to lead to the production of admissible evidence. Subject to that objection, see attached POST Certification certificates for Lt. Sims and Deputy Hughes. |

**Resolution:** Defendants argue in their memorandum that personal information such as social security numbers and enrollment in pension and retirement benefits plans is irrelevant. The court disagrees. Income and benefit information may be relevant to the issue of damages. Defendants may redact the social security numbers. Otherwise, within the next 14 days from the date of this order, defendants shall produce the requested files, in full.

| **Prod. Req. No. 4:** | Please produce copies of Mark Griffin's medical records kept and maintained on the premises of the Detention Center including all nursing chart notes; evaluations; assessments and treatment of the plaintiff. |
|---|---|

| **Response:** | Defendants object to this request as irrelevant and seeking information not reasonably calculated to lead to the production of admissible evidence. Subject to that objection, but without waiving same, see attached medical documents. Defendants have also forwarded a HIPAA request to plaintiff in order to obtain his medical records from EA Conway Hospital. The defendants will forward those record when received. |
|---|---|

**Resolution:** In their opposition, defendants maintain that they provided plaintiff with a copy of his medical records. Accordingly, the instant request is moot.

| **Prod. Req. No. 5:** | Please produce all medical records and bills you obtained from an outside medical facility, physicians and/or nurses relating to the treatment of Mark Griffin resulting from the injuries complained of in this case. |
|---|---|
| **Response:** | See response to Request for Production No. 4. |

**Resolution:** Defendants represent that they have produced the medical records that they have in their possession. Within 7 days from the date of this order, defendants shall supplement their response to produce any bills that they received from an outside medical center relating to plaintiff, or otherwise state that they have received none. In addition, defendants have agreed to obtain and forward medical records from outside providers as soon as plaintiff executes and returns a medical release authorization.

| **Prod. Req. No. 7:** | Please produce a copy of the Detention Center surveillance tape which recorded the beating of Mark Griffin before, during and after the occurrence. |
|---|---|
| **Response:** | See response to Interrogatory No. 3. |

**Resolution:** Defendants maintain that there is no surveillance of any altercation with Mark Griffin, and that they cannot produce something that does not exist. The court agrees. However,

7

to the extent a video of the altercation *does* exist, defendants are ordered to produce it.

| **Prod. Req. No. 8:** | Please produce the entire investigatory file of any and all employees, inmates, and sheriff's deputies, including but not limited to Lt. Sims, Deputy Hughes regarding the beating of Mark Griffin which is the subject of this litigation. |
|---|---|
| **Response:** | Defendants object to this request on the grounds that it is vague, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection, but without waiving same, see defendants' answer to Request for Production No. 3. |

**Resolution:** Defendants state that they have produced all of the investigative reports in their possession. To the extent that any individual files of any inmate or deputy contain information regarding the beating of Mark Griffin that has not already been produced, defendants are required to produce it within 14 days from the date of this order.

| **Prod. Req. No. 9:** | Produce all records related to the previous investigations and allegations of inmates beating and abuse prior to, during and after Mark Griffin's beating at Madison Parish Detention Center. |
|---|---|
| **Response:** | Defendants object on the grounds that this request is vague, irrelevant and seeks documents not reasonably calculated to lead to admissible evidence. Further, the defendants deny that Mark Griffin was beaten by defendants. |

**Resolution:** Defendants contend primarily that the request is over broad because they would be required to go through thousands of inmate records. The court finds that the requested information is relevant. To alleviate defendants' concerns, however, defendants may poll, by written questionnaire, the existing inmates to see if they have suffered beatings at the Madison Parish Detention Center for the years from 2011-2014. Within 28 days from the date of this order, defendants shall provide plaintiffs with the names of any inmates who have relevant

information, and who wish to communicate with plaintiffs' counsel. Within this same period, defendants also shall provide plaintiffs with the names of any inmates who were present at the facility from 2011-2013, but who have been transferred or released, so plaintiffs may contact them on their own, if they desire.

c.   Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5)(A). The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id*. Moreover, when, as here, a motion to compel is granted in part and denied in part, the court *may* apportion the reasonable expenses associated with the motion. Fed.R.Civ.P. 37(a)(5)(C).

Because of the mixed relief obtained by movant, the court is not inclined to assess costs, expenses, and/or fees in this instance.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to compel discovery [doc. # 21] filed by plaintiff Mark Griffin is GRANTED IN PART only to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motion [doc. # 21], including the request for fees, expenses, and/or costs, otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 4th day of August 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

9